**GOLDEN OLDIES, LTD., Plaintiff,**

v.

**SCORPION AUCTION GROUP, INC., Lincoln Briscoe, Dominick Briscoe and Anthony Briscoe, Defendants.**

**CIV. A. No. CV–96–5310DG.**

United States District Court, E.D. New York.

Jan. 31, 2001.

Deborah L. Pico, Myers & Pico, P.C., Fair Lawn, NJ.

Robert W. Piken, Piken & Piken, New York City.

## MEMORANDUM AND ORDER

TRAGER, District Judge.

On October 30, 1996, plaintiff Golden Oldies, Ltd. (hereinafter "Golden") filed the above action claiming breach of contract as a result of defendants' failure to tender amounts owed on their open account. Thereafter, Golden filed a letter, dated June 26, 1998, indicating that service was properly effectuated as to all defendants except Anthony Briscoe. Consequently, an order of dismissal for failure to serve Anthony Briscoe pursuant to Rule 4(m) of the Fed. R. of Civ. P. was entered on July 9, 1998. Golden, by motion dated July 10, 2000, seeks to vacate the order of dismissal pursuant to Rule 60(b)(6) of the Fed.R.Civ.P., and also, to deem the service of process for Anthony Briscoe, dated April 29, 2000, good and sufficient. For the reasons stated below, Golden's unopposed motion to vacate is granted, and the service of the complaint on Anthony Briscoe is deemed good and sufficient.[1]

### Background

Golden, a New York corporation, claims that defendants Lincoln, Dominick and Anthony Briscoe, while doing business as Scorpion Auction Group, Inc. in Atlanta, Georgia, charged and accepted delivery of furniture and other manufactured goods on their open account. (Complaint ¶¶ 2, 3, 4.) In 1996, a line of credit was approved after defendants submitted post-dated checks to cover their current orders. (*Id.* at ¶ 3.) However, a stop payment was made on the checks before Golden could deposit them. (*Id.* at ¶ 5). Subsequent demands for payment were not honored, and Golden claims an outstanding balance of $80,399.00 on the account. (*Id.* at ¶¶ 4, 5, 6.)

Although Golden was able to effectuate service upon Scorpion Auction Group, Inc., Lincoln Briscoe, and Dominick Briscoe, Anthony Briscoe could not be located. Golden asserts that its inability to serve Anthony Briscoe stems from his evasion of service. (Golden's Reply ¶ 2.) (Golden's Additional Affirmation ¶¶ 1–8.) To support this allegation, Golden adduces their failed attempts to serve Anthony Briscoe at his company, only to discover that the company was closed down three to four months earlier, and his last known home address, which was discovered after Lincoln Briscoe, Anthony Briscoe's son, disclosed his father's last known address during a deposition held October, 1997. (Golden's Additional Affirmation ¶¶ 1–8.) Furthermore, efforts to effectuate service by mail could not be completed, as in each instance no forwarding address was available. (*Id.* at ¶¶ 3, 5.) Service of process was finally achieved on April 28, 2000, when Golden, by happenstance, discovered Mr. Briscoe's whereabouts after he appeared at an auction attended by Golden. (Golden's Reply ¶ 3.) During the auction Golden arranged for service, but did not request that the case be reopened prior to serving the complaint. (Id. at ¶ 4.)

The above-captioned case was closed after default judgments were entered on behalf of Golden against Scorpion Auction Group, Inc., Lincoln Briscoe, and Dominick Briscoe and after the order of dismissal for failure to serve Anthony Briscoe was entered. Golden's motion seeks to vacate the order of dismissal, thus reopening the case and deeming the April 28, 2000 service on Anthony Briscoe, made prior to the motion to vacate, good and sufficient.

### Discussion

■ Anthony Briscoe's evasion of service and Golden's service of process after temporarily locating his whereabouts implicates clause(6) of the Fed.R.Civ.P. 60(b). Fed. R.Civ.P. 60 (hereinafter "Rule 60") empowers a court to relieve a party from a final Judgment or order, subject to certain restrictions. Rule 60(b)(6) affords relief for "any other reason justifying relief" provided that the motion is not covered by 60(b)(1) through (5),

---

1. Anthony Briscoe is represented by Deborah L. Pico, Esq. of Myers & Pico, P.C. Although Ms. Pico, Esq. claims that she was not retained by Anthony Briscoe, she was advised by the court that her letter sent to Golden stating that she represented Anthony Briscoe, dated May 5, 2000, is deemed an appearance, and any desire to be relieved as counsel requires a motion. No motion to be relieved has been filed as of the date of this order.

is made within a "reasonable time," and presents evidence of "extraordinary circumstances". *See Ackermann v. U.S.*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Klapprott v. U.S.*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 1099 (1949); *Dunlop v. Pan American World Airways, Inc.*, 672 F.2d 1044 (2d. Cir. 1982); *Montco, Inc. v. Barr*, 666 F.2d 754 (2d. Cir.1981); *U.S. v. Cirami*, 563 F.2d 26 (2d. Cir.1977).

The basis for vacating the dismissal order is not provided by Rule 60(b)(1), (2), and (3), which require the motion be made within a "reasonable time" and "not more than one year after the challenged" order. *See id.* Rule 60(b)(1)(2) and (3) apply when a party alleges: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence;" or (3) "fraud . . ., misrepresentation, or other misconduct of an adverse party." Golden's inability to serve Anthony Briscoe did not stem from a mistake, newly discovered evidence in the case, or fraud. Moreover, 60(b)(4) and (5) are not implicated because no "judgment" has been rendered against Anthony Briscoe that could be made "void" or "satisfied, released or discharged." Thus, only 60(b)(6) is implicated, requiring Golden, in order to prevail, to establish that the motion to vacate was made within a "reasonable time," and present evidence of "extraordinary circumstances." *See id.*

█ Golden's motion to vacate was made within a "reasonable time." *See Montco, Inc. v. Barr*, 666 F.2d 754, 760 (2d. Cir.1981). What constitutes a reasonable time depends upon the facts of each specific case. *See id.* Golden moved to vacate almost two years after the order of dismissal was entered. Under the circumstances this is reasonable because Golden did not locate Anthony Briscoe until almost two years after the order was entered, and the motion to vacate was predicated upon Golden's locating him, by accident, while attending the same auction. Although, the motion to vacate was made three months after Briscoe was served, this short delay is reasonable in light of various back-and-forth interim discussions the parties had during those months and the time necessary to file motion papers. *See id.* (Golden's Motion Exhibit C.)

Golden has presented sufficient facts to establish "extraordinary circumstances".

Golden's inability to timely serve Anthony Briscoe is a result of defendant's evasion of service. (Golden's Reply ¶ 2.) Absolutely no evidence has been offered by the defendant that would indicate that Golden procrastinated in locating the defendant. All service information available indicated that Anthony Briscoe lived and did business in Georgia. (Golden's Additional Affirmation ¶¶ 1–8.) Golden's service efforts were frustrated not only because Anthony Briscoe was no longer present at his company and last know address, but also, due to his convenient failure to leave a forwarding address at each location. (*Id.*) At Lincoln Briscoe's deposition in October, 1997, he stated that he had no idea where his father Anthony Briscoe was. (*Id.* at ¶ 4.) Moreover, evidence to support evasion by Anthony Briscoe is also provided by the fact that he did not leave his present counsel with any contact information. (*Id.* at ¶ 8.)

The fact that Golden managed to effectuate service on defendant prior to his departure from an auction in New Jersey illustrates a good faith effort to pursue the case. (Golden's Reply ¶¶ 3, 4.) Considering the amount of effort and time it took Golden to find Briscoe, it is understandable that Golden may have been leery of taking time to make an application to reopen the case prior to serving the defendant. Proceeding in that fashion could have jeopardized the service of defendant. In terms of equity and justice, denying Golden's application is tantamount to rewarding Mr. Briscoe's evasion of service. *See id.* Under these facts, justice favors an adjudication on the merits, *see id.*, especially since the denial of the motion would leave Golden in the position of hoping to locate defendant again before the statute of limitations runs in 2002.

## Conclusion

Accordingly, Golden's motion to vacate is granted, and service effectuated on Anthony Briscoe, dated April 28, 2000, is deemed good and sufficient. The Clerk of the Court is directed to reopen the case.